IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DRE HEALTH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-00745-SRB |
| | ) | |
| BRM TRADES, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On August 23, 2022, the Court granted summary judgment in favor of BRM Trades, LLC ("BRM Trades") on its counterclaim Counts I and II. The relevant facts are discussed at length in the Court's prior Order (Doc. #64) and will not be repeated here. The Court ordered supplemental briefing on the issue of damages. For the reasons stated below, the Court finds that BRM Trades is entitled to damages of $3,090,992.81.

## I.     LEGAL STANDARD

"The proper measure of damages is a question of law for determination by the trial court." *Business Men's Assurance Co. of Am. v. Graham*, 891 S.W.2d 438, 449 (Mo. Ct. App. 1994). "The party claiming damages bears the burden to establish the existence and amount of damages within a reasonable degree of certainty." *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 731 (Mo. Ct. App. 2014) (citing *The Manors at Village Green Condo., Inc. v. Webb*, 341 S.W.3d 162, 164 (Mo. Ct. App. 2011)). "An award of damages must be supported by competent and substantial evidence. . . . [and] requires proof of facts supporting a basis for a rational estimate of damages without resorting to speculation." *The Manors at Village Green*, 341 S.W.3d at 164.

## II. DISCUSSION

BRM Trades argues it is entitled to $3,091,474.58 on counterclaim Counts I and II as follows: (A) $2,500,000 for the settlement principal; (B) $151,427.50 in late fees; (C) $225,000 in interest; (D) $206,791.71 in attorney's fees; and (E) $8,255.37 for costs. The parties' arguments as to each are addressed below.

### A. Settlement Principal

The Court found that, as a matter of law, DRE Health breached the parties' settlement agreement. BRM Trades states that it is entitled to recover $2,500,000, equal to the unpaid principal amount. DRE Health argues that, "[w]hile it may be uncontroverted that DRE and Bawany entered into a Settlement Agreement with BRM . . . , it is premature to decide the issue of a potential damages' award . . . [because] the defense of offset applies." (Doc. #70, p. 1.)

The Court has already considered and rejected Defendant DRE Health Corporation ("DRE Health) and Isaac Bawany ("Bawany") (collectively, "Defendants") argument regarding offset:

> 'The right of setoff (also called offset) allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A.' *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (citation and quotations omitted). 'In order for a set-off to be applied, the parties must be 'mutually indebted.'' *Transit Cas. Co. v. Selective Ins. Co. of Southeast*, 137 F.3d 540, 545 (8th Cir. 1998) (quoting *Sturdivant Bank v. Stoddard Cty.*, 332 Mo. 568, 572 (Mo. banc 1933)) (noting that 'Missouri courts continue to allow offset in contractual disputes'). '[T]o warrant a set-off at law the demands must be mutual and subsisting between the same parties, due in the same capacity or right, and there must be mutuality as to the quality of right.' *Id.* (citation and quotation omitted); *see Sturdivant*, 332 Mo. at 572 ('If defendant's demand is due and payable while plaintiffs is not . . . it seems clear that the parties are not 'mutually indebted.'').
>
> Here, DRE Health's argument fails because it does not show that DRE Health and BRM Trades are mutually indebted. DRE Health argues that it is entitled to a set-off based on its claims for damages against BRM Trades that are currently pending before this Court. Even if DRE Health ultimately prevailed on these claims, they are not currently due and payable. Consequently, these pending

2

claims for damages cannot form the basis of a set-off. *See Janes v. Janes*, 242 S.W.3d 744, 751 (Mo. Ct. App. 2007) ('The set-off in this case clearly involves obligations that are mutual and subsisting between the same parties, and due in the same capacity or right.'). Accordingly, DRE Health's argument is rejected.

(Doc. #64, pp. 7–8.) For the same reasons discussed in the Court's prior order, Defendants' argument is rejected. Defendants also argue that damages should not be resolved until after a decision is rendered in a wholly separate arbitration involved BRM Trades and a third-party. However, as both parties agree that the resolution of that arbitration has no bearing on the measure of damages here, this argument is rejected.

The parties' do not dispute that an amount of $2,500,000 is outstanding on the principal. Therefore, the Court finds that BRM Trades is entitled to an award of $2,500,000 for its unpaid principal.

### B. Late Fees

BRM Trades argues that it is entitled to $151,427 in late fees because it is undisputed that every payment required by the settlement agreement was late. Defendants argue that late fees should not be awarded because they are unenforceable under Missouri law.

"By its nature, a liquidated damages clause may operate to provide the non-breaching party more or less than his actual damages." *Burst v. R.W. Beal & Co.*, 771 S.W.2d 87, 91–92 (Mo. Ct. App. 1989). "To constitute a reasonable forecast of damages, a liquidated damages clause must not be unreasonably disproportionate to the amount of harm anticipated when the contract was made." *Star Dev. Corp. v. Urgent Care Assocs., Inc.*, 429 S.W.3d 487, 493 (Mo. Ct. App. 2014) (finding a 15% late fee was a reasonable forecast of damages).

The Court finds that BRM Trades is entitled to $151,427 in late fees. It is undisputed that the parties mutually contracted for late fees:

> Payments under this section shall be considered late as of the fifth day of the month in which the payment is due. Payments made between the fifth and the last

3

day of the month on which a payment is due must include an additional 5% late fee in order to be accepted. If DRE fails to make acceptable payment on or before the last day of a month in which that payment is due, DRE shall be in breach of this Agreement.

(Doc. #53-8, p. 1.) The Court finds a 5% flat fee for each monthly payment of $250,000, or $12,500, is not an unreasonably disproportionate forecast of the damages caused by a late payment. *See Luck "E" Strike Corp. v. First State Bank of Purdy*, 75 S.W.3d 828, 835 (Mo. Ct. App. 2002) (awarding late fees of 5%). Consequently, the Court finds that BRM Trades is entitled to an award of late fees in the amount of $151,427.50.

### C. Interest

BRM Trades argues it is entitled to award of prejudgment interest in the amount of $225,000. DRE Health argues that BRM Trades has failed to meet its burden of entitlement.

"Section 408.020 permits a plaintiff to receive prejudgment interest at a rate of nine percent per annum, when no other rate is agreed upon, for liquidated claims after a demand of payment is made." *Hawk Isolations Grp., Inc. v. Morris*, 288 S.W.3d 758, 762 (Mo. Ct. App. 2009) (citation omitted). "For a claim to be liquidated, it must be fixed and determined or readily determinable[.]" *Id.* (citation omitted). "As to the requirement that a party made a demand for payment, even if a demand for payment was not made prior to filing a lawsuit, the filing itself constitutes a demand." *Id.* (citation omitted). "The award of prejudgment interest in a case in which section 408.020 is applicable is not a matter of court discretion; it is compelled." *Watters v. Travel Guard Int'l*, 136 S.W.3d 100, 112 (Mo. Ct. App. 2004) (citation omitted).

The Court finds that BRM Trades is entitled to prejudgment interest. The parties do not dispute that they mutually contracted for prejudgment interest in the settlement agreement:

> In the event of breach by DRE, BRM shall be entitled to, among any other remedies it may have at law or equity, consequential damages, prejudgment interest on the total unpaid amount of the Settlement Amount at the highest rate allowed by law, and post-judgment interest at the highest rate allowed by law.

4

(Doc. #53-8, p. 1.)  Here the claim is liquidated: the parties do not dispute that the total unpaid principal equals $2,500,000 and that the settlement agreement provides for prejudgment interest at the highest rate allowed by law, or 9%.  *See* Mo. Rev. Stat. § 408.020.  Further, the filing of BRM Trades' counterclaims, in which it explicitly sought interest (Doc. #7, p. 22), constitutes a demand.  *See Hawk*, 288 S.W.3d at 763 (finding a petition that "specifically requested prejudgment interest" constitutes a demand).  As § 408.020 applies, an award of prejudgment interest is compelled by Missouri law.  Accordingly, the Court finds that BRM Trades is entitled to an award of prejudgment interest in the amount of $225,000.

### D.     Attorney's Fees

BRM Trades argues it is entitled to an award of attorney's fees in the amount of $206,791.71.  DRE Health argues that "it is premature to decide a potential award for BRM related to Counterclaims I and II in this case."  (Doc. #70, p. 5.)

"In Missouri, attorney's fees are not recoverable from another party, except when allowed by contract or statute."  *Weitz v. MH Washington*, 631 F.3d 510, 528 (8th Cir. 2011) (citation omitted).  In Missouri, "[i]f a contract provides for the payment of attorney's fees in the enforcement of a contract provision, the trial court must award them to the prevailing party." *Lee v. Investors Title Co.*, 241 S.W.3d 366, 368 (Mo. Ct. App. 2007) (citation and quotations omitted).

> Under Missouri law, the reasonableness of attorney's fees is determined by examining the time expended; the nature, character and amount of the services rendered; the nature and importance of the litigation; the degree of responsibility imposed on the attorney; the amount of money involved; the degree of professional ability, skill, and experience called for and used; and the result obtained.

*Weitz*, 631 F.3d at 528–29 (citing *Roberts v. Rider*, 924 S.W.2d 555, 558–59 (Mo. Ct. App. 1996)).

5

Upon review of the relevant factors, the Court finds that BRM Trades is entitled to an award of attorney's fees. It is undisputed that the settlement agreement provides for attorney's fees. BRM Trades presented evidence of attorney's fees totaling $206,791.71. DRE Health objected, stating that BRM Trades' original request of $225,331.21 contained unrelated fees. BRM Trades conceded a reduction "in the interest of judicial expediency[.]" (Doc. #71, p. 4) (emphasis omitted). BRM Trades' submitted evidence included exhibits of invoices and declarations of attorneys testifying to the rates and services performed. As to the result, BRM Trades' counsel established that DRE Health and Bawany breached the settlement agreement and personal guaranty, respectively, and succeeded on summary judgment. The rates charged and hours expended in this case were reasonable and consistent with rates charged for similar services. Considering the relevant factors, the Court finds that an amount of $206,791.71 is reasonable.

### E.     Costs

BRM Trades argues it is entitled to an award of costs in the amount of $8,255.37. DRE Health does not appear to dispute the requested award of costs.

"A prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (citations omitted).

Here, BRM Trades has submitted three receipts for litigation expenses including electronic document storage and processing expenses, as well as deposition expenses, equaling $7,773.60. The Court finds these costs are properly taxed under 28 U.S.C. § 1920. However, BRM Trades fails to attach receipts for the remaining amount requested, or $481.77. Because

BRM Trades has failed to prove the remaining $481.77, the Court cannot award them. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) ("Items proposed by winning parties as costs should always be given careful scrutiny."). Finally, DRE Health has not opposed the inclusion of these items as costs. Therefore, the Court finds BRM Trades is entitled to an award of costs in the amount of $7,773.60.

### III.     CONCLUSION

For the reasons stated, it is ORDERED that BRM Trades is entitled to an award of damages in the amount of $3,090,992.81, as set out above. It is furthered ORDERED that, based on the personal guaranty, Defendant Isaac Bawany is personally liable for up to 75% of the award, or $2,318,244.60.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2022

7

Case 4:21-cv-00745-SRB   Document 72   Filed 09/27/22   Page 7 of 7