IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DRE HEALTH CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-cv-00745-SRB |
| BRM TRADES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Defendant BRM Trades, LLC's ("BRM Trades") Motion for Certification of Partial Summary Judgment under Federal Rule 54(b). (Doc. #86.) For the reasons stated below, the motion is GRANTED.

On August 23, 2022, the Court granted summary judgment in favor of BRM Trades and against Plaintiff DRE Health Corporation ("DRE Health") and Counterclaim Defendants Ahmed Ishaq Bawany ("Bawany") on counterclaim Counts I and II. (Doc. #64.) The Court awarded damages to BRM Trades in the amount of $3,090,992.81, and found Bawany was personally liable for up to 75% of the award, or $2,318,244.60. (Doc. #72.) BRM Trades now moves the Court to enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

Rule 54(b) "allows a district court to enter a final judgment on some but not all of the claims in a lawsuit 'only if the court expressly determines there is no just reason for delay.'" *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (quoting Fed. R. Civ. P. 54(b)). "In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Interstate Power Co v. Kan. City Power & Light Co.*, 992 F.3d

804, 807 (8th Cir. 1993) (quotations omitted). "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (quotations omitted).

The Court finds that there is not just reason for delay and that a Rule 54(b) judgment is appropriate. BRM Trades argues there is "no undue risk of piecemeal appeals" because counterclaim Counts I and II are unrelated to the remaining claims in the instant action. (Doc. #86, p. 3.) DRE Health and Bawany do not dispute this. As discussed in the Court's prior orders, the Court agrees. This weighs in favor of granting BRM Trades' motion. *See United States v. Carlson*, 44 Fed.Appx. 25, 27 (8th Cir. 2002) (finding the district court did not abuse its discretion in granting a Rule 54(b) motion where the outcome of the remaining claims would not affect the partial grant of summary judgment at issue); *see also Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 642 F.3d 1115, 1120 (8th Cir. 2011) (finding a Rule 54(b) final judgment appropriate were issues were "self-contained").

Further, BRM Trades argues that a final judgment is necessary to collect from DRE Health because there are "existing liens and pending lawsuits" that "indicate DRE and Bawany are heading for serious financial trouble and possible bankruptcy." (Doc. #97, p. 3.) DRE Health and Bawany argue that "[i]t is unequitable to certify a final judgment against DRE and Bawany, which would require a significant financial burden, prior to the complete resolution of claims[.]" (Doc. #94, p. 2.) However, as discussed in prior orders, any damages awarded to DRE Health as this litigation continues may be used to off-set the damages awarded for counterclaim Counts I and II. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (citation and quotations omitted) ("The right of setoff (also called offset) allows entities that owe
2

each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A.")

For the reasons stated above, BRM Trades' Motion for Certification of Partial Summary Judgment under Federal Rule 54(b) (Doc. #86) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 29, 2022