# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1819
_____

DRE Health Corporation,

       *Plaintiff - Appellant*,

v.

BRM Trades, LLC,

       *Defendant - Appellee*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 12, 2025
Filed: August 18, 2025
_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

COLLOTON, Chief Judge.

     DRE Health appeals an order of the district court granting summary judgment in favor of BRM Trades in a contract dispute. BRM Trades moves to dismiss the appeal as untimely filed. We grant the motion and dismiss the appeal for lack of jurisdiction.

DRE Health contracted to sell Niterex gloves to BRM Trades for $3,006,000. After DRE Health accepted payment, the company learned that its supplier had sold the gloves to another buyer. DRE Health sued BRM Trades for breach of contract, alleging that a one-week delay in payment caused the problem. BRM Trades counterclaimed for breach of a settlement agreement between the parties from an earlier dispute, breach of the sales agreement, and fraud. On August 23, 2022, the district court granted partial summary judgment for BRM Trades on one counterclaim, and entered a final judgment under Federal Rule of Civil Procedure 54(b) on November 29, 2022.

On December 27, 2022, the district court granted partial summary judgment for BRM Trades on DRE Health's claims and BRM Trades's counterclaim for breach of contract. The court awarded $3,007,000 in actual damages and $4,929,280 in lost profits damages to BRM Trades. On March 27, 2023, BRM Trades voluntarily dismissed its remaining fraud claim. The district court did not enter a separate written judgment following either order.

DRE Health moved for entry of final judgment in December 2023. BRM Trades requested additional time to respond to the motion, and the parties eventually filed a joint motion for entry of final judgment on March 18, 2024. The district court entered a final judgment order on March 19. DRE Health then filed a notice of appeal on April 18, 2024, seeking review of the order filed December 27, 2022, granting partial summary judgment.

BRM Trades moves to dismiss the appeal as untimely filed. In a civil case like this one, a notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). The deadline is established by statute and is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007).

Case 4:21-cv-00745-SRB   Document 151-1   Filed 08/18/25   Page 2 of 4
Appellate Case: 24-1819   Page: 2   Date Filed: 08/18/2025 Entry ID: 5548601

We conclude that the appeal was untimely filed. The order of March 27, 2023, which dismissed the last claim in the case, created a final judgment. After the voluntary dismissal, there was nothing left for the district court to resolve, and the lawsuit was ended. The previous order granting partial summary judgment became final when the remaining part of the case was dismissed. *Hope v. Klabal*, 457 F.3d 784, 789-90 (8th Cir. 2006); *Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999).

A party must file a notice of appeal within thirty days from the entry of judgment. 28 U.S.C. § 2107(a). Most judgments, including the judgment here, must be set out in a separate document. Fed. R. Civ. P. 58(a). A judgment is entered when it is entered in the civil docket and "the earlier of these events occur: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket." *Id.* 58(c)(2).

In this case, the district court did not set out the judgment in a separate document, so the judgment was entered 150 days after the March 27 order—*i.e.*, on August 24, 2023. The time for filing an appeal expired on September 25, 2023, the first business day following the thirty-day period allowed by statute and rule. *See* Fed. R. App. P. 26(a)(3)(A). DRE Health did not file its notice of appeal until April 18, 2024.

DRE Health argues that the time to file an appeal began to run, or was restarted, when the district court entered a final judgment on March 19, 2024. At that point, however, a final judgment already had been entered by operation of Rule 58(c)(2)(B) on August 24, 2023. The district court's entry of another "final judgment" several months later was superfluous and ineffective for purposes of a timely appeal. "[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review
-3-

Case 4:21-cv-00745-SRB    Document 151-1    Filed 08/18/25    Page 3 of 4
Appellate Case: 24-1819    Page: 3    Date Filed: 08/18/2025 Entry ID: 5548601

must be sought." *FTC v. Minneapolis-Honeywell Regul., Co.*, 344 U.S. 206, 211 (1952).

DRE Health also contends that BRM Trades waived, forfeited, or is estopped from reliance on the August 2023 final judgment because BRM Trades joined the later motion for entry of final judgment. We reject this contention. The joint motion did not address the deadline for filing a notice of appeal, and the motion did not alter the final judgment entered by operation of law in August 2023. Despite the entry of judgment under Rule 58(c)(2)(B), DRE Health had resisted BRM Trades's efforts to collect on the judgment by citing the district court's failure to enter its judgment in a separate document. BRM Trades understandably joined a motion seeking a separate document in order to facilitate collection, but that practical step did not alter the fact that an appeal deadline was established by the final judgment entered earlier. In any event, the statutory filing deadline after entry of a final judgment under Rule 58(c)(2)(B) is jurisdictional under *Bowles* and cannot be changed by waiver, forfeiture, or consent.[*]

The appeal is dismissed.

_____

---

[*]DRE Health cites *Hall v. Bowen*, 830 F.2d 906, 911 n.7 (8th Cir. 1987), for the proposition that "Rule 58 is not jurisdictional and may be waived by the parties." The more complete quotation from *Hall* is that "*the 'separate-document' requirement* in Rule 58 is not jurisdictional and may be waived by the parties." *Id.* (emphasis added). Before the 2002 amendment that added Rule 58(c)(2)(B) to provide that judgment is entered without a separate document after 150 days, the Supreme Court explained that a court of appeals could properly assume jurisdiction over an appeal if the parties waived the separate-document requirement to facilitate appellate review of a final decision. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387-88 (1978). These authorities do not allow parties to agree that a judgment is not a judgment in order to extend the jurisdictional time limit for filing a notice of appeal under 28 U.S.C. § 2107.

-4-

Case 4:21-cv-00745-SRB    Document 151-1    Filed 08/18/25    Page 4 of 4
Appellate Case: 24-1819    Page: 4    Date Filed: 08/18/2025 Entry ID: 5548601